*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSHUA LEONARD CANO,

Defendant-Appellant.

UNPUBLISHED
May 27, 2026
2:49 PM

No. 369710
Charlevoix Circuit Court
LC No. 2023-045814-FH

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of lesser charges of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and possession of less than 25 grams of fentanyl, MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant, a fourth habitual offender, MCL 769.12, to concurrent terms of 24 months to 20 years' imprisonment for the methamphetamine conviction and to 12 months for the fentanyl conviction. On appeal, defendant only challenges the trial court's sentence for the methamphetamine conviction, contending that it was unreasonable and disproportionate. We affirm.

## I. BACKGROUND

On April 27, 2023, Charlevoix County Sheriff's Office detectives went to arrest defendant on an unrelated matter at a residence they knew he frequented. During a search incident to that arrest, a detective found a canister containing a substance that he believed was methamphetamine in defendant's jacket pocket, a baggie containing seven individual baggies of the same substance in defendant's right pants pocket, and a small cylindrical container containing a substance suspected to be a combination of heroin and fentanyl in defendant's left pants pocket. Subsequent laboratory testing confirmed that the only baggie analyzed contained methamphetamine and that the other substance was fentanyl, not heroin.

Although the jury was instructed on possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), and possession with the intent to deliver fentanyl, MCL 333.7401(2)(a)(*iv*), it ultimately found defendant guilty of the lesser-included crimes of possession of methamphetamine and fentanyl.

-1-

During sentencing, defendant challenged the assessment of two Offense Variables (OVs), and the trial court reduced the points assessed for OVs 14 and 19 to zero. Defendant's minimum sentencing guidelines range was determined to be 10 to 44 months' imprisonment.

The trial court also discussed defendant's criminal record and the circumstances involved in this case. Although the court opined that defendant was a poor fit for a probationary sentence, it also expressed its desire to have defendant "get control of [his] problems" and "turn [his] life around." The trial court then sentenced defendant to a minimum 24-month prison for the methamphetamine conviction.

Defendant now appeals.

## II. PROPORTIONALITY

Defendant argues that his within-guidelines sentence was unreasonable and disproportionate because the trial court's articulation "failed to justify the minimum sentence[]" and overly focused on reforming defendant rather than protecting society, disciplining him, or deterring others from committing the same offense.[1] We disagree.

An appellate court reviews a trial court's sentence for an abuse of discretion. See *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022).

Whether a sentence is reasonable is guided by the principle of proportionality set out in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 474-475. Sentences imposed by the trial court must be " 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*. at 474, quoting *Milbourn*, 435 Mich at 636. "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *Boykin*, 510 Mich at 183, citing *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972). "However, these are not the only relevant sentencing criteria and trial courts are not required to consider each of these factors when imposing a sentence." *Id*. at 183-184. Indeed, "the policy of this state favors individualized sentencing for every convicted defendant." *People v Coles*, 417 Mich 523, 537; 339 NW2d 440 (1983). Thus, a "sentence must be tailored to fit the particular circumstances of the case and the defendant." *Id*.

---

[1] Although defendant's brief also suggests that the sentencing court improperly assessed 10 points for OV 19, this issue is not raised in defendant's statement of the question presented, MCR 7.212(C)(5), and, therefore, is not preserved for appeal. *People v Brown*, 239 Mich App 735, 748; 610 NW2d 234 (2000). Regardless, during sentencing, the trial court agreed with defendant's objection to assessing 10 points for OV 19 and reduced the ten points assessed to zero points. Consequently, defendant is not entitled to any additional relief on appeal.

Moreover, although the sentencing guidelines are "advisory in all applications," *Steanhouse*, 500 Mich at 466, a sentencing court is still required to "consult the applicable guidelines range and take it into account when imposing a sentence," *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). A presumption of proportionality is applied to within-guidelines sentences and the defendant bears the burden of demonstrating that his sentence was disproportionate or unreasonable. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023) (BOLDEN, J.); *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment); *id*. at 390-391 (WELCH, J, concurring in part and concurring in judgment) (*Posey I*). The presumption of proportionality "positions appellate courts to recognize both that the guidelines remain highly relevant to sentencing decisions and that a within-guidelines sentence may indeed be disproportionate or unreasonable." *Id*. at 359 (BOLDEN, J). Even so, "there is nothing in *Posey* [*I*] suggesting that a sentencing court needs to expressly explain why a within-guidelines sentence is reasonable and proportionate." *People v Posey*, 349 Mich App 199, 207; 27 NW3d 137 (2023) (*Posey II*).

While sentencing defendant in this case, the trial court recognized that he was 34 years' old, had obtained his GED, and had accumulated four prior felony and nine misdemeanor convictions. The circumstances surrounding the offense were that the police went to arrest defendant on an unrelated warrant and found him in possession of both methamphetamine and fentanyl. The court further recognized that the guidelines recommended a minimum sentence between 10 and 46 months,[2] and that it was required to impose a proportionate sentence. The court determined that defendant was not "an appropriate candidate for a probationary sentence," referencing its imposition of an 18-month to 5-year prison term for defendant's operating while impaired, third offense, conviction over six months earlier.[3] Regardless, the court urged defendant to "get control of [his] problems" and "be successful in life" because he "could do good things" and was "young enough to turn [his] life around[.]" The court then imposed a 24-month to 20-year sentence for defendant's methamphetamine conviction, which was at the lower end of the guidelines' recommendation.

On appeal, defendant argues that the trial court's rationale was insufficient because it was too focused on his reformation as opposed to the other *Snow* considerations. But the sentencing court was free to put greater weight on the reformation factor. See *Boykin*, 510 Mich at 183-184

---

[2] Under MCL 769.34(4)(c), "[i]f the upper limit of the recommended sentence exceeds 18 months and the lower limit of the recommended minimum sentence is 12 months or less," the court may sentence the defendant "[t]o imprisonment with a minimum term within that range," MCL 769.34(4)(c)(*i*), or "[t]o an intermediate sanction with or without a term of jail incarceration of not more than 12 months," MCL 769.34(4)(c)(*ii*). An intermediate sanction is "probation or any sanction, other than imprisonment in a county jail, state prison, or state reformatory . . . ." MCL 769.31(b).

[3] The presentence investigation report (PSIR) reflected that defendant had been "placed on probation four times" and that each probationary sentence ended "in revocation[.]" Defendant had also served two prison terms. At trial, defendant testified frankly about his lengthy history of drug abuse and the PSIR recounted that he had "been afforded a multitude of rehabilitative services," which had "been squandered."

("[T]rial courts are not required to consider each of [the *Snow*] factors when imposing a sentence."). Moreover, the *Snow* factors are "not the only relevant sentencing criteria[.]" *Id*. at 183. Because the trial court presided over defendant's trial, it was fully aware of defendant's history and the circumstances surrounding the offense. Review of the record shows that the trial court imposed an individualized sentence. And, contrary to defendant's argument, we hold that the trial court did not abuse its discretion by imposing a proportionate and reasonable minimum sentence within the recommended guidelines range.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica